1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PARAMOUNT PICTURES
     CORPORATION, et al.,
11
                 Plaintiffs,                No. CIV S-06-1057 GEB EFB
12
          vs.
13
     KRISTY POWELL,                         FINDINGS & RECOMMENDATIONS
14
                 Defendant.
15   _____/

16        Plaintiffs' application for entry of default judgment against defendant Kristy Powell was

17   deemed suitable for submission without oral argument pursuant to Local Rule 78-230(h).  Upon

18   review of the application and the supporting documents, the court issues the following findings

19   and recommendations.

20   I.  BACKGROUND

21        This case is proceeding upon the complaint filed by plaintiffs[1] on May 12, 2006.  It

22   concerns defendant's infringement of plaintiffs' various copyrighted motion pictures by illegally

23   ////

24   ////

25   _____

26        [1]  Plaintiffs are Paramount Pictures Corporation and Twentieth Century Fox Film
     Corporation.

                                               1

downloading them from and distributing them on the Internet.[2]  *See* Declaration of Lauren Nguyen in Support of Application for Entry of Default Judgment ("Nguyen Declaration"), at ¶¶ 3-5; 11; *see also* Declaration of Thomas Carpenter in Support of Application for Entry of Default Judgment ("Carpenter Declaration"), at ¶¶ 5-9.  Defendant, who was personally served with a copy of the complaint and summons on May 18, 2006, has failed to respond or otherwise appear in the action.  Plaintiffs requested entry of default pursuant to Fed. R. Civ. P. 55(a).  The request was served on defendant on August 11, 2006.  The Clerk entered default on August 14, 2006.  Plaintiffs now move for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

II. DISCUSSION

    A.  Standard

       Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  In this case, default was established by plaintiffs and entered by the Clerk on August 14, 2006.  Now before the court is plaintiffs' application for entry of default judgment against defendant pursuant to Fed. R. Civ. P. 55(b)(2).  It is within the sound discretion of the district court to grant or deny a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

/////

---

[2]  Plaintiffs allege that defendant illegally downloaded and distributed the motion pictures "Mr. and Mrs. Smith" and "The SpongeBob SquarePants Movie," among many others.  *See* Carpenter Declaration, at ¶¶ 5, 6.

B.  Analysis

The first *Eitel* factor weighs in plaintiffs' favor.  Plaintiffs would be prejudiced if default judgment were not granted because they would be denied the right to judicial resolution of the claims presented, and would be without recourse for protection of their intellectual property rights.

The second and third factors also weigh in plaintiffs' favor.  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).   Here, the facts as plead by plaintiffs establish a prima facie case for copyright infringement.

To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiffs have alleged ownership of valid copyright registrations in the motion pictures that defendant allegedly downloaded illegally from the Internet.  *See* Complaint ("Compl."), at ¶¶ 9-13; *see also* Exhibit A to Compl. (registration certificates).   Plaintiffs have also alleged unauthorized reproduction and distribution of the protected works.  Compl., at ¶ 11.  The complaint is sufficiently plead and states a claim for copyright infringement.  Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, does not clearly weigh in either party's favor.  While plaintiffs have certainly suffered some monetary loss by virtue of defendant's unauthorized reproduction and distribution of plaintiffs' copyrighted motion pictures, plaintiffs need not prove those actual damages to recover the statutory damages they seek.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 1997).  Indeed, although plaintiffs allege that the injury suffered "cannot fully be compensated or measured in money," they do seek statutory damages as authorized by under 17

1 U.S.C. § 504(c), in the amount of $6,000.00.  Compl., at ¶ 14; Memorandum of Law in Support

2 of Application for Entry of Default Judgment ("Application"), at 9:18-20.  Defendant certainly

3 stands to suffer by having a judgment in this amount entered against her, but plaintiffs have

4 sought reasonable damages under § 504(c), which allows recovery of up to $150,000 per willful

5 infringement for a total amount of $300,000.  Here, plaintiffs allege that defendant's

6 infringement was willful, but seek only $3,000 per infringement for a total of $6,000.[3]  On

7 balance, this factor appears to weigh in favor of granting default judgment.

8   With regard to the fifth factor, no genuine issue of material fact exists because the

9 allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and

10 defendant has submitted nothing to contradict them.

11   The sixth factor also weighs in plaintiffs' favor since defendant has failed to make any

12 appearance in this case even though she was served with the complaint and summons.  She was

13 also served with notice of plaintiffs' application for entry of default judgment, even though such

14 notice is not required.  *See In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993).  Her

15 failure to respond cannot be deemed "excusable neglect."

16   Finally, only the seventh *Eitel* factor weighs against granting the application for default

17 judgment.  The strong policy underlying the Federal Rules of Civil Procedure favor decisions on

18 the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the

19 complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc.*

20 *v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendant's

21 failure to appear or respond to plaintiffs in any way, this factor does not preclude an entry of

22

---

23   [3]  In the present case, plaintiffs support their request for damages by averring to costs associated in investigating and prosecuting infringement actions, and the impact of infringement

24 on profits.  *See, e.g.,* Nyguen Declaration, at ¶ 11 (noting expense of between $3,000 to $5,000 to gather and verify evidence to support filing of claim); *Id.*, at ¶ 8, 9 (citing impact of illegal

25 downloads on ticket, home video and/or DVD sales, especially in cases like the present one, where defendant downloaded and offered for download a motion picture still in theatrical release

26 at the time of infringement).

1  default judgment. *Id.* at 393. Thus, on balance, the factors weigh in favor of granting plaintiffs'

2  application for entry of default judgment.

3       C. Relief

4       Plaintiffs seek statutory damages in the amount of $6,000.00, a permanent injunction and

5  an award of costs and attorneys' fees in the amount of $3,087.43.

6            1. Injunction

7       Plaintiffs seek to permanently enjoin defendant's wrongful acts, and request an injunction

8  in the following form:

> Defendant shall be enjoined from directly or indirectly infringing
> Plaintiffs' rights under federal or state law in "Mr. and Mrs. Smith" and
> "The SpongeBob Square Pants Movie; and any other motion picture,
> whether now in existence or later created, that is owned or controlled by
> Plaintiffs (or any parent, subsidary, or affiliate of Plaintiffs)         ("
> Plaintiffs' Motion Pictures"), including without limitation by using the
> Internet to reproduce (i.e., download) any of Plaintiffs' Motion Pictures, to
> distribute (i.e., upload) any of  Plaintiffs' Motion Pictures, or to make any
> of Plaintiffs' Motion Pictures available for distribution to the public,
> except pursuant to a lawful license or with the express authority of
> Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Motion
> Pictures that Defendant has downloaded onto any computer hard drive or
> server without the Plaintiffs' authorization and shall destroy all copies of
> those downloaded motion pictures transferred onto any physical medium
> or device in Defendants' possession, custody, or control.

17  Compl., at 4:8-23; *see also* Proposed Default Judgment and Permanent Injunction.

18       Federal copyright laws authorize injunctive relief for copyright infringement. *Elektra*

19  *Ent. Group, Inc.*, 226 F.R.D. at 393 (citing 17 U.S.C. § 501, 502(a)).  "A court may order a

20  permanent injunction 'to prevent or restrain infringement of [the owner's] copyright.'  Generally,

21  a showing of copyright infringement liability and the threat of future violations is sufficient to

22  warrant a permanent injunction." *Sega Enterprises Ltd. v. Maphia*, 948 F. Supp. 923, 940 (N.D.

23  Cal. 1996) (quoting 17 U.S.C. § 502) (finding that access to equipment that allowed defendant to

24  continue to illegally download and distribute game programs constituted a threat of continued

25  violation); *see also*, *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.

26  1993); *see also*, *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 (D.

1   Ariz. 2006) (granting a permanent injunction upon entry of default judgment against defendant

2   in a copyright infringement action).

3         Here, as discussed above, plaintiffs have established defendant's liability for copyright

4   infringement.  Furthermore, in proving up their claim, plaintiffs have established defendant's

5   access to the online media distribution system through which the infringement occurred.

6   Infringement by such means exposes plaintiffs to "massive, repeated, and worldwide

7   infringement" of their copyrighted motion pictures.  *Twentieth Century Fox Film Corp.*, 438 F.

8   Supp. 2d at 1073.  ("When digital works are distributed via the internet, as in this case, every

9   downloader who receives one of the copyrighted works from Defendant is in turn capable of also

10  transmitting perfect copies of the works.  Accordingly, the process is potentially exponential

11  rather than linear, threatening virtually unstoppable infringement of the copyright.") (quoting *A*

12  *& M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001)).  Monetary damages

13  cannot adequately compensate such widespread infringement.

14        Finally, defendant's failure to respond to this lawsuit suggests an indifference to the

15  unlawful nature of her infringing activity.  Accordingly, based on the foregoing, this court finds

16  that the requested injunctive relief is appropriate and recommends that it be granted.

17                    2.  <u>Statutory Damages</u>

18        Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c) provides

19  for an award of statutory damages in a sum of not less than $750 or more than $30,000 for each

20  infringement as the court considers just.  Moreover, pursuant to 17 U.S.C. § 504(c)(2), a court

21  has discretion to increase the award of statutory damages to $150,000 per infringement where an

22  infringer's conduct is found to be willful.  "Statutory damages are particularly appropriate in a

23  case . . . in which defendant has failed to mount any defense or to participate in discovery,

24  thereby increasing the difficulty of ascertaining plaintiff's actual damages."  *Jackson v. Sturkie*,

25  255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

26  ////

1    Here, although plaintiffs allege that defendant's conduct was willful, they seek only

2 $3,000.00 for each alleged act of infringement (two in total), for a total of $6,000.00.[4]  *See*

3 Application, at 9:18-20.  The court finds that the amount of statutory damages sought by

4 plaintiffs is reasonable and just.

5         3.  Costs

6    Pursuant to 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs

7 and reasonable attorney fees" in cases of copyright infringement.  17 U.S.C. § 505.  "An award

8 of attorney[s'] fees to a prevailing [party] that furthers the underlying purposes of the Copyright

9 Act is reposed in the sound discretion of the district courts . . . ."  *Twentieth Century Fox Film*

10 *Corp. v. Entm't Distrib*., 429 F.3d 869, 883 (9th Cir. 2005) (quoting *Fantasy, Inc. v. Fogerty*, 94

11 F.3d 553, 555 (9th Cir. 1996)).  "In awarding fees, the district court may consider the following

12 factors: (1) frivolousness; (2) motivation; (3) objective unreasonableness both in the factual and

13 legal components of the case; (4) and the need in particular circumstances to advance the dual

14 goals of compensation and deterrence."  *Id.* (citing *Fogerty v. Fantasy, Inc*., 510 U.S. at 534

15 n.19).

16    Here, plaintiffs seek fees and costs in the amount of $3,087.43.  Plaintiffs have already

17 established a prima facie case for infringement, and therefore that the case is not frivolous.

18 Plaintiffs' motivation appears to be to deter further infringement.  Plaintiffs argue that regardless

19 of the success of their companies, they should not have to absorb the cost of suing each

20 individual infringer and enforcing their legitimate rights.

21    Plaintiffs aver that the attorneys' fees incurred in the present case represent a discounted

22 rate. *See* Declaration of Karen R. Thorland in Support of Application for Entry of Default

23 Judgment by the Court (Thorland Declaration"), at ¶ 16.  Plaintiffs also explain that it was

24

25    [4]  Again, the court notes that plaintiffs have alleged (and provided evidence showing) that
   defendant infringed more than the two identified motion pictures.  *See* Carpenter Declaration, at
26 ¶¶ 5-7; Exhibit 1 thereto.

necessary to file a "John Doe" lawsuit in the Eastern District of Missouri in order to identify

defendant's true identity from her internet service provider. *Id.*, at ¶ 5.  Through this suit, and a

subsequent subpoena, plaintiffs identified defendant and sought to negotiate an out of court

settlement with her. *Id.*, at ¶ 8.  For their efforts in identifying the infringement, investigating

defendant's identity (including filing suit in Missouri), contacting defendant regarding

settlement, and initiating the present action, plaintiffs have incurred a total of $3,087.43 in

attorney's fees and costs. *Id.*, at Exhibit 5.  The court finds these fees to be reasonable and

recommends plaintiffs be awarded that amount in fees and costs.

III. <u>CONCLUSION</u>

    In light of the foregoing findings, IT IS RECOMMENDED that:

    1.  Plaintiffs' application for entry of default judgment be granted;

    2.  Plaintiffs be awarded statutory damages in the amount of $6,000, and $3,087.43 in

attorney's fees and costs;

    3.  A permanent injunction be granted against defendant as follows:

Defendant shall be enjoined from directly or indirectly infringing Plaintiffs' rights
under federal or state law in "Mr. and Mrs. Smith" and "The SpongeBob Square
Pants Movie; and any other motion picture, whether now in existence or later
created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or
affiliate of Plaintiffs) (" Plaintiffs' Motion Pictures"), including without limitation
by using the Internet to reproduce (i.e., download) any of Plaintiffs' Motion
Pictures, to distribute (i.e., upload) any of  Plaintiffs' Motion Pictures, or to make
any of Plaintiffs' Motion Pictures available for distribution to the public, except
pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant
also shall destroy all copies of Plaintiffs' Motion Pictures that Defendant has
downloaded onto any computer hard drive or server without the Plaintiffs'
authorization and shall destroy all copies of those downloaded motion pictures
transferred onto any physical medium or device in Defendants' possession,
custody, or control.; and,

4. The Clerk be directed to close this case.

    These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten (10) days after service of the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  April 27, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE